UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AZIZI ANSARI** | : | **DOCKET NO. 2:22-cv-06120** |
| REG. # 30027-086 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN** |
| **F. MARTINEZ** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Azizi Ansari on December 2, 2022. Doc. 1. At the time of filing, Ansari was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). Petitioner has since been transferred to supervised release. The government filed a response to the petition, in which it argues that the matter is moot, as petitioner has been granted his FSA Time Credits by the BOP. Doc. 11. The petitioner replied, alleging that the BOP miscalculated his time credits." Doc.15, p. 2.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

# I.
## BACKGROUND

Ansari filed the instant petition challenging the computation of his federal sentence. Specifically, he alleged that the Bureau of Prisons ("BOP") failed to award him time credits to which he is entitled under the First Step Act ("FSA"). Petitioner claimed that he had not received any Federal Time Credits ("FTC" or "FSA Time Credits") for a food service course that completed during his incarceration at the Federal Correctional Institution (FCI) in Fort Dix, New Jersey. He demanded that these credits be applied to his sentence.

While this matter was pending on initial review, the credits were applied and petitioner was transferred to supervised release.

In its response to the petition, the government explained that the credits plaintiff seeks in his petition have now been awarded. Doc. 11, pp. 2-3. Petitioner was previously incarcerated at FCI Fort Dix from September 19, 2017, through March 10, 2020. Federal Time Credits cannot be earned prior to the enactment of the First Step Act on December 21, 2018: "A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed... prior to the date of enactment of this subchapter." 18 U.S.C. § 3632(d)(4)(B). However, petitioner's most recent FSA Time Credit Assessment, dated February 11, 2023, confirms that petitioner has been awarded credits for completion of programs during the period of December 21, 2018 through March 10, 2020, which was the last day he was housed at FCI Fort Dix. *See* doc. 11, att. 1, pp. 1-2, Declaration of James McCollough; *see also* doc. 11, att. 1, p. 3, FSA Time Credit Assessment.

In his reply to the government's response, petitioner contends that his time credit has still be miscalculated. Doc. 15.

## II.
## LAW & APPLICATION

The First Step Act ("FSA") authorizes the BOP to grant Federal Time Credits ("FTC" or "FSA Time Credits") to eligible inmates. See 18 U.S.C. § 3624(g). "An eligible inmate… may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is successfully participating in [Evidence-based Recidivism Reduction (EBRR)] programs or [Productive Activities ("PAs")] that the Bureau has recommended based on the inmate's individualized risk needs assessment on or after January 15, 2020." 28 CFR § 523.42(b). Depending on the inmate's status, he may earn either ten or fifteen days for every thirty days of programming. See 28 CFR § 523.42(c).

Inmates who earn FSA Time Credits may only apply them if they meet the eligibility criteria set forth in 18 U.S.C. § 3624(g)(1). Among other criteria, Congress determined that an inmate must have "shown through the periodic risk assessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). Assuming the inmate meets all eligibility criteria, and his sentence includes a term of supervised release, the BOP may apply those credits to transfer (in effect release) the inmate to supervised release up to twelve months early:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer

> the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3); see also 28 C.F.R. § 523.44(d) (stating that BOP may apply FSA Time Credits toward early transfer to supervised release "no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred.").

The relief requested by petitioner – receipt of FSA Time Credits for programming completed at FCI Fort Dix – has already been granted by the BOP. The Petition is therefore moot.

An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (*citing Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted). As discussed above, petitioner's FTC worksheet, dated February 11, 2023, clearly establishes that Petitioner has earned FSA Time Credits for the programming he completed while housed at FCI Fort Dix. Hence, there is no active case or controversy, and this matter should be dismissed for lack of jurisdiction.[1]

---

[1] The actual calculation of petitioner's time credits remains within the discretion of the Attorney General through the BOP. 18 U.S.C. § 3624(b). Petitioner has failed to provide evidence to support a conclusion the BOP abused that discretion. Therefore, to the extent he argues that the calculation is incorrect, he cannot meet his burden of showing he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c). See *Gutierrez v. Hijar*, No. EP-22-CV-446-FM, 2023 U.S. Dist. LEXIS 8339 (W.D. Tex. Jan. 18, 2023).

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE